MATTHEW E. DIGBY, SBN 113415
HEIDI A. LEIDER, SBN 182519
**BINGHAM DANA LLP**
444 South Flower Street, Suite 4500
Los Angeles, CA 90071
(213) 817-3700
(213) 817-3701 – Facsimile

Attorneys for Defendant E Ink Corporation

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DZRAIC, an individual, | Case No. _____ |
| Plaintiff, | ANSWER OF DEFENDANT E INK CORPORATION |
| v. | |
| E INK CORP., a Delaware corporation, and DOES 1-20, inclusive, | |
| Defendants. | |

### ANSWER OF DEFENDANT E INK CORPORATION

Pursuant to Fed. R. Civ. P. 8, defendant E Ink Corporation ("E Ink") hereby answers the Complaint of Plaintiff Paul Drziac ("Drziac") as follows:

1.  E Ink has insufficient information to admit or deny the allegations of ¶ 1, and therefore, denies same.

2.  E Ink states that it is, and was at all relevant times, a Delaware corporation with its principal place of business in Cambridge, Massachusetts, doing business in various states. E Ink admits that it hired a former California resident,

---

ANSWER OF DEFENDANT E INK CORPORATION

Dzraic v. E Ink Corp.
USDC Case No. _____

Drziac, to work at its Cambridge, Massachusetts office. Except as so stated, E Ink denies the allegations contained in ¶ 2 of the Complaint.

3. E Ink states that Drziac provided a resume to E Ink which speaks for itself. Except as so stated, E Ink denies the allegations contained in ¶ 3 of the Complaint.

4. E Ink states that Drzaic has certain expertise and knowledge which is not the property of E Ink. Except as so stated, E Ink has insufficient information to admit or deny the allegations contained in ¶ 4 and therefore denies same.

5. E Ink states that it contacted Dzriac while he was working for Raychem Corporation and living in California, that thereafter, Dzriac came to Massachusetts to visit E Ink and executed the E Ink Proprietary Information and Inventions Agreement (the "Agreement") while in Massachusetts. Except as so stated, E Ink denies the allegations contained in ¶ 5 of the Complaint.

6. E Ink admits that Drzaic signed the Agreement. Except as so stated, E Ink denies the allegations contained in ¶ 6 of the Complaint.

7. E Ink states that the Agreement speaks for itself. Except as so stated, E Ink denies the allegations contained in ¶ 5 of the Complaint.

8. E Ink admits the allegations of ¶ 8.

9. E Ink admits the allegations of ¶ 9.

10. E Ink has insufficient information to admit or deny the allegations of the first two sentences of ¶ 10, and therefore, denies same. E Ink admits that it contends that Alien Technology, Inc. is a "Competitive Business" within the meaning of the Non-Competition Clause of the Agreement.

11. E Ink denies the allegations of ¶ 11.

12. E Ink has insufficient information to admit or deny the allegations of ¶ 12, and therefore, denies same.

13. E Ink denies the allegations of ¶ 13.

2

**ANSWER OF DEFENDANT E INK CORPORATION**

Dzraic v. E Ink Corp.
USDC Case No. _____

14. E Ink denies the allegations of ¶ 14.

15. E Ink denies the allegations of ¶ 15.

16. E Ink denies the allegations of ¶ 16.

### FIRST CAUSE OF ACTION

17. E Ink repeats and reasserts its answers to the allegations of ¶¶ 1-16 as if fully set forth herein.

18. E Ink denies the allegations of ¶ 18, except that E Ink admits that an actual controversy has arisen and now exists between Drziac and E Ink.

19. E Ink states that the Agreement is enforceable in its entirety and must be construed under and governed by the laws of the Commonwealth of Massachusetts and any disputes between the parties must be adjudicated in Suffolk County, Massachusetts. Except as so stated, E Ink denies the allegations of ¶ 19.

20. E Ink denies the allegations of ¶ 20.

### SECOND CAUSE OF ACTION

21. E Ink repeats and reasserts its answers to the allegations of ¶¶ 1-20 as if fully set forth herein.

22. E Ink denies the allegations of ¶ 22.

23. E Ink denies the allegations of ¶ 23.

24. E Ink denies the allegations of ¶ 24.

### THIRD CAUSE OF ACTION

25. E Ink repeats and reasserts its answers to the allegations of ¶¶ 1-24 as if fully set forth herein.

26. E Ink denies the allegations of ¶ 26.

27. E Ink denies the allegations of ¶ 27.

The remainder of the Complaint constitutes Drzaic's prayers for relief, to which no response is required. E Ink respectfully denies that Drzaic is entitled to any relief whatsoever.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

This court lacks jurisdiction. This action has been filed in violation of § 12.9 of the Agreement, requiring that all disputes between the parties be resolved exclusively in and by a court sitting in Suffolk County, Massachusetts. Accordingly, this action should be dismissed for lack of jurisdiction under the parties' agreed-upon and fully enforceable forum selection clause.

## SECOND AFFIRMATIVE DEFENSE

The Complaint, and each count thereof, fails to state a claim on which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by Drzaic's unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to allege unfair competition or unlawful, unfair and fraudulent business practice under Business and Professions Code § 17200.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Drzaic's claims are barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Drzaic's alleged damages were fully or partially caused by Drzaic's own acts or ommissions.

## EIGHTH AFFIRMATIVE DEFENSE

Drzaic's alleged damages were fully or partially caused by Drzaic's failure to mitigate.

WHEREFORE, E Ink denies that plaintiff, Drzaic is entitled to the relief sought or to any other relief, and prays for judgment against Drzaic as follows:

(a) Drzaic take nothing by this action;

(b) that Drzaic's Complaint be dismissed and that judgment be entered for defendant, E Ink on all counts of the Complaint;

(c) that defendant, E Ink be awarded costs of suit and reasonable attorneys' fees incurred herein to the extent permitted by applicable law; and

(d) that defendant, E Ink be awarded such other and further relief as the court deems just and proper.

DATED: April 20, 2001                          BINGHAM DANA LLP


By: _____
Matthew E. Digby
Heidi A. Leider
Attorneys for Defendant
E Ink Corporation

# PROOF OF SERVICE BY MAIL

I am over eighteen years of age, employed in the county of Los Angeles, and not a party to the within entitled action. My business address is Bingham Dana LLP, 444 S. Flower Street, Suite 4500, Los Angeles, California 90071.

I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

On July 19, 2001, I served the foregoing document(s) described as:

**ANSWER OF DEFENDANT E INK CORPORATION**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelope(s) addressed as follows:

Patrick W. Jordan, Esq.
JEFFER, MANGELS, BUTLER & MARMARO LLP
One Sansome Street, 12th Floor
San Francisco, CA 94104

The foregoing envelope(s) with proper postage thereon, fully prepaid, were placed for collection and mailing on said date following ordinary business practices for deposit in the United States Postal Service at 444 South Flower Street, Los Angeles, California 90071.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on July 19, 2001, at Los Angeles, California.

Yvonne L. Blum